PER CURIAM.
Petitioner’s Petition for Writ of Habeas Corpus complains that respondent failed to credit him with additional gain time allowances due him under Section 944.275(2)(b), Florida Statutes (1978), for the period July 1, 1978 (effective date of the statute) to January 1, 1979. This court issued order to show cause, the response to .which demonstrates recomputation of petitioner’s gain time to comply with that portion of the statute.
*438 Petitioner also contends that in addition to accrual of gain time under the new statute, Section 944.275, he is also entitled to the benefit of gain time computed under former Section 944.27, Florida Statutes (1977),[1] which was in effect at the time of his sentence in March, 1977. Under Section 944.27, petitioner’s statutory gain time of 540 days was applied by the Department of Corrections to his five-year sentence to arrive at a tentative expiration date of July 8, 1980. After passage of Section 944.275 petitioner was informed that his tentative release date computed under the new law (Section 944.275(l)(a), (b) and (c), Florida Statutes, 1978), would be March 5, 1981, some 240 days later.
The argument is raised by petitioner that his loss of gain time, mandated by computations required under the amended statute, is expressly forbidden by the ex post facto provisions of Article I, Sections 9 and 10, United States Constitution, and Article I, Section 10, Florida Constitution. We find that this question has already been decided adversely to petitioner by the Supreme Court of Florida in Harris v. Wainwright, 376 So.2d 855, 1979.
The petition is denied.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.

. Repealed by Section 2, Chapter 78-304, Laws of Florida (1978), effective July 1, 1978.